22-1760-cv
Travelers Indem. Co. v. Grapeland Indep. Sch. Dist.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand twenty-three.

PRESENT:  ROBERT D. SACK,
                    RAYMOND J. LOHIER, JR.,
                    MARIA ARAÚJO KAHN,
                          *Circuit Judges.*

------------------------------------------------------------------

TRAVELERS INDEMNITY COMPANY,

       *Petitioner-Appellant*,

         v.                                                            No. 22-1760-cv

GRAPELAND INDEPENDENT SCHOOL
DISTRICT,

       *Respondent-Appellee.*\*

------------------------------------------------------------------

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLANT:                     MATTHEW J. LETTEN (Joseph K.
                                   Scully, *on the brief*), Day Pitney
                                   LLP, Hartford, CT

FOR APPELLEE:                      ADAM Q. VOYLES, Lubel Voyles
                                   LLP, Houston, TX

Appeal from a judgment of the United States District Court for the District of Connecticut (Sarah A. L. Merriam, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Petitioner-Appellant Travelers Indemnity Company, a Connecticut corporation headquartered in Connecticut, appeals from a July 29, 2022 judgment of the United States District Court for the District of Connecticut (Merriam, *J.*) denying its petition to compel arbitration. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Respondent-Appellee, the independent school district ("ISD") of Grapeland, Texas (the "Grapeland ISD"), obtained an insurance policy from the Texas Rural Education Association Risk Management Cooperative ("TREA"). TREA in turn entered into a reinsurance contract with Travelers under which

2

Travelers provides TREA reinsurance for claims exceeding $500,000 per occurrence and serves as the designated adjuster for such claims. Due to an alleged variance between the Grapeland ISD's losses and the insurance payments it received in connection with a destructive 2019 storm, the ISD sued TREA and Travelers in Texas state court.

Relying on the arbitration provision in the reinsurance contract between Travelers and TREA, Travelers sought to compel arbitration of the ISD's claims under a theory of "direct benefits estoppel." That theory precludes a non-signatory who seeks or obtains benefits from a contract from avoiding the arbitration provision of that contract. *See Jody James Farms, JV v. Altman Grp.*, 547 S.W.3d 624, 637 (Tex. 2018). The Texas state court rejected Travelers' direct benefits estoppel theory in this case. *Travelers Indem. Co. v. Grapeland Indep. Sch. Dist.*, No. 12-22-00311-CV, 2023 WL 3371072, at *3 (Tex. App. May 10, 2023).

Travelers also filed a petition to compel arbitration before the District Court in Connecticut. Applying Texas law, which the parties agree governs this case, the District Court rejected Travelers' direct benefits estoppel theory on the merits, denied the petition to compel arbitration, and deemed the Grapeland

ISD's motion to dismiss for lack of personal jurisdiction moot. *Travelers Indem. Co. v. Alto Indep. Sch. Dist.*, No. 21CV00909, 2022 WL 2981594, at \*7 (D. Conn. July 28, 2022).

We agree with the District Court that Travelers has failed to show that it may avail itself of the direct benefits estoppel theory under Texas law. Every Texas court to consider the issue has held that the theory does not apply to the suit between Travelers and the ISD or to suits between Travelers and other ISDs involved as insureds in this and similar cases. *See Travelers Indem. Co. v. Alto ISD*, No. 12-21-00143-CV, 2022 WL 1668859, at \*6 (Tex. App. May 25, 2022), *review denied* (Jan. 27, 2023); *Travelers Indem. Co. v. Gustine Indep. Sch. Dist.*, No. 11-21-00229-CV, 2023 WL 3633744, at \*8 (Tex. App. May 25, 2023); *Grapeland*, 2023 WL 3371072, at \*3. The Texas Supreme Court has already denied Travelers' petition for review in one of those cases. *See Travelers Indem. Co. v. Alto Indep. Sch. Dist.*, No. 22-0692, 2023 Tex. LEXIS 110 (Tex. Jan. 27, 2023). The uniform holdings of the Texas courts on a matter of Texas law persuades us that the matter is settled and that we can reliably and confidently predict that the Texas Supreme Court, in agreement with the District Court, would conclude that direct benefits

4

estoppel does not apply to compel the ISD to arbitrate the ISD's underlying claims.

We have considered Travelers' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court